UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TIFFANEE NICHOLE EDMONDSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 2:11-CV-02027-KJD-PAL<br><br>**ORDER** |

Presently before the Court is Plaintiff's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) (#17). Plaintiff's attorney is asking for 25% of the total past-due benefits awarded, or $15,650.48. Defendant filed a Response (#18).

I. Background

After being denied benefits by the Social Security Administration ("SSA"), Tiffanee Nichole Edmondson ("Plaintiff") retained an attorney to challenge the decision in federal court. Following the Court's stipulated remand the Commissioner ("Defendant") awarded past-due benefits of $62,601.90 to Plaintiff (#17, 1). The SSA had previously awarded the attorney for Plaintiff $671.44 in Equal Access to Justice Act ("EAJA") fees, which were then garnished by the Department of the Treasury

and applied towards Plaintiff's outstanding student loan debt (#17, 1). Consequently, Plaintiff's attorney never received any EAJA fees.

## II. Legal Standard

Under 42 U.S.C. § 406(b)(1)(A) district courts are to determine what attorney fees are "reasonable" for Social Security Disability Insurance ("SSDI") claimants, but those fees must not exceed "25 percent of the total past-due benefits to which the claimant is entitled." In determining what are reasonable attorney fees, this Court follows the approach outlined in the *en banc* Ninth Circuit decision Crawford v. Astrue, 586 F.3d 1142 (9th Cir. 2009). The reviewing court must respect "the primacy of lawful attorney-client fee agreements," but also test them "for reasonableness." Crawford, 586 F.3d at 1148. Crawford, a consolidation of three separate cases (Crawford, Trejo, and Washington), applied the factors articulated by the Supreme Court in Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). Fees may be reduced by the court "[1] if the attorney provided substandard representation, or [2] engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or [3] if the benefits are large in comparison to the amount of time counsel spent on the case." Id. at 1148. See Gisbrecht, 535 U.S. at 808 (court should prevent "windfalls for lawyers"). To determine whether the contingency fee is unreasonable the court may require the attorney to provide a statement of the number of hours worked on the case, and the attorney's regular hourly rate. Crawford, 586 F.3d at 1148. "The attorney bears the burden of establishing that the fee sought is reasonable." Id. at 1148.

## III. Analysis

Counsel for Plaintiff is asking the Court to approve a fee of $15,650.48, which is 25% of the total $62,601.90 past-due benefits awarded to Plaintiff. The attorney fees are thus at the 25% cap allowed by 42 U.S.C. § 406(b).

"The attorney bears the burden of establishing that the fee sought is reasonable." Crawford, 586 F.3d at 1148. There is no evidence that Plaintiff's attorney provided "substandard representation," or that he was "dilatory." However, the court must also decide whether "the benefits

are large in comparison to the amount of time counsel spent on the case." In determining the reasonableness of the attorney fees the court may look at the number of hours worked on the case and the attorney's regular hourly rate. However, counsel never provided the Court with the total number of hours worked on this case, or the attorney's regular hourly rate. Without these numbers, there is no way for the Court to determine whether "the benefits are large in comparison to the amount of time counsel spent on the case," and consequently whether the requested fee is reasonable.

IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees (#17) be **DENIED** until further documentation is provided;

**IT IS FURTHER ORDERED** that Plaintiff submit to the Court an affidavit declaring (1) the attorney's regular hourly rate, and (2) the number of hours worked on this case.

DATED this 15th day of May 2014.

_____
Kent J. Dawson
United States District Judge

3